UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EDINA COURIERS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>UPS MAIL INNOVATIONS,<br><br>      Defendant and<br>      Third-Party Plaintiff,<br><br>v.<br><br>ALPHA TRANSPORTATION SERVICE INCORPORATED,<br><br>      Third-Party Defendant. | CIVIL NO. 06-2137 (PAM/JSM)<br><br><u>REPORT AND RECOMMENDATION</u> |

JANIE S. MAYERON, United States Magistrate Judge

The above matter came on for hearing before the undersigned on December 10, 2007 upon UPS Mail Innovations' Motion for Sanctions [Docket No. 34].   Daniel N. Lovejoy appeared on behalf of UPS Mail Innovations ("UPS-MI").   There were no appearance by or on behalf of plaintiff Edina Couriers, LLC or on behalf of Alpha Transportation Service, Incorporated.   The matter is before the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. §' 636 (b)(1)(B).

## I.   <u>FINDINGS OF FACT</u>

1.   Defendant/Third Party Plaintiff UPS-MI is in the business of transporting bulk mail from its customers to United States post offices.   Complaint [Docket No. 1] ¶ 6; Answer [Docket No. 3] ¶ 6.   UPS-MI engages brokers who, in turn, hire carriers to

provide physical transportation of the mail.  UPS-MI engaged Third-Party Defendant Alpha Transportation Services, Inc. ("Alpha"), a broker, to serve certain routes. Complaint in <u>Edina v. Alpha</u>, No. 06-cv-00691 [Docket No. 27 Ex. 1] ¶ 8.

2.     In turn, Alpha entered into a contract under which Edina would physically transport the mail for these routes.  Answer in <u>Edina v. Alpha</u>, No. 06-cv-00691 [Docket No. 27 Ex. 2] ¶ 6; A.T.S., Incorporated, Broker-Contract Carrier Agreement [Docket No. 27 Ex. 3] at 3.  Under that contract, Edina agreed to seek payment for its services only from Alpha.  <u>Id.</u> ¶ I(d).

3.     There was never any written agreement between Edina and UPS-MI regarding payment for the services that Edina agreed to perform for Alpha.  Complaint [Docket No. 1] ¶ 8.

4.     Edina filed the Complaint in this matter on August 25, 2006, alleging in part that "As shipper UPS-MI is liable to Edina Couriers … Pursuant to applicable provisions of Chapter 49 of the United States Code."  <u>Id.</u> ¶ 14.

5.     On December 22, 2006, UPS-MI served its first sets of interrogatories and document requests on Edina.  [Docket No. 27 Ex. 8]  Pursuant to Rules 33(b) and 34(b), responses to these interrogatories and document requests were due on January 22, 2007.  Edina did not provide any responses or objections.  Affidavit of Daniel N. Lovejoy ("Lovejoy Aff.") [Docket No. 26] ¶ 10.

6.     On February 1, 2007, UPS-MI's counsel sent Edina's counsel a letter requesting that it respond to Defendant's First Set of Interrogatories to Plaintiff and Defendant's First Set of Document Requests to Plaintiff as soon as possible.  [Docket No. 27 Ex. 9.]

7.      On March 2, 2007, UPS-MI's counsel telephoned Edina's counsel and left a voice message regarding Edina's delinquent discovery responses.  Lovejoy Aff. ¶ 12. UPS-MI's counsel followed up the voice message with a letter and an e-mail attempting to confer with Edina regarding its discovery responses without resorting to court involvement.  The letter warned Edina's counsel about the possibility of sanctions and a motion to compel.  [Docket No. 27 Ex. 10.]  Edina's counsel did not respond with a telephone call, e-mail, or letter.

8.      On July 26, 2007, UPS-MI filed a Motion for Sanctions or to Compel Discovery and associated papers, pursuant to Rules 37(a)(2)(B) and 37(d) of the Federal Rules of Civil Procedure.  [Docket Nos. 23-29]  Edina was served via the ECF filing system.  Edina never filed responsive papers, and did not appear at the hearing, which took place on August 9, 2007.  [Docket No. 30]

9.      On August 14, 2007, the Court entered an Order granting UPS-MI's motion in part.  [Docket No. 33]  The Court ordered Edina to serve responses to UPS-MI's discovery requests by August 27, and to pay attorney's fees of $2,500.00 to Edina by the same date.

10.     Edina did not comply with the Order.  Second Affidavit of Daniel N. Lovejoy ("Lovejoy 2nd Aff.") [Docket No. 38] ¶ 3.

11.     On October 24, 2007, UPS-MI's counsel again attempted to contact Edina's counsel by telephone and e-mail.  Edina's counsel responded, stating that counsel would provide responses to discovery.  Edina's counsel did not provide any explanation for his failure to respond to UPS-MI's original motion, to provide discovery when previously requested, or to comply with the Court's Order.  Instead, Edina's

counsel stated only that he had "dropped the ball."  Edina's counsel also did not indicate when Edina planned to pay the attorneys' fees required by the Court's Order.  Id. ¶¶ 4-5.

12.     Edina's counsel also stated that he would confer with his client and call UPS-MI's counsel by 11:00 a.m. on October 25.  He did not do so.  UPS-MI's counsel left him a telephone message around noon on October 25, but Edina's counsel never responded.  Id. ¶ 6.  Edina's counsel has had no further contact with UPS-MI's counsel.

13.     On October 26, 2007, UPS-MI filed a Renewed Motion for Sanctions and associated papers.  [Docket Nos. 34-39]  Edina was served via the ECF filing system, and UPS-MI's counsel also sent Edina's counsel a copy of a letter to the Court that forwarded copies of the motion papers.  Edina never filed responsive papers, and did not appear at the hearing, which took place on December 10, 2007. [Docket No. 54]

14.     To date, Edina has not submitted responses to the discovery requests, nor has it made any payment of attorneys' fees, as required by the Court's Order of August 14, 2007.

15.     On November 2, 2007, UPS-MI filed a Motion to Dismiss for Failure to Prosecute or for Summary Judgment and associated papers.  [Docket Nos. 43-50]  Edina was served via the ECF filing system, and UPS-MI's counsel also sent Edina's counsel a copy of a letter to the Court that forwarded copies of the motion papers.  The hearing on this Motion is scheduled for December 19, 2007.  Pursuant to Local Rule 7.1(b), any responsive papers were due to be filed with the Court by November 29, 2007.  To date, no responsive papers have been filed.

II.   **CONCLUSIONS OF LAW**

1.     Federal Rule of Civil Procedure 37(d) provides that if a party fails to serve answers or objections to interrogatories, or to serve a written response to a request for inspection of documents, "the court in which the action is pending on motion may make such orders in regard to the failure as are just[.]"  Fed. R. Civ. Proc. 37(d).

2.     Specifically, the Court may, among other things, impose any of the sanctions specified under Rule 37(b)(2)(A)-(C), including "An order striking out pleadings or parts thereof, … or dismissing the action or proceeding or any part thereof[.]"  Rule 37(b)(2)(C).

3.     In addition to any other sanction imposed, the Court may require the party failing to act, its attorney, or both, to pay the moving party's expenses and fees caused by the failure.  Rule 37(d).

4.     Edina's repeated failure to respond to discovery requests propounded by UPS-MI is a violation of Rule 37(d).

5.     Federal Rule of Civil Procedure 37(b) provides that if a party fails to comply with an order to provide or permit discovery, "the court in which the action is pending may make such orders in regard to the failure as are just[.]"  Rule 37(b)(2).

6.     Just as with the failure to respond to discovery, the Court may impose any of the sanctions specified under Rule 37(b)(2)(A)-(C), including "An order striking out pleadings or parts thereof, … or dismissing the action or proceeding or any part thereof[.]"  Rule 37(b)(2)(C).  Furthermore, the Court may treat the failure to comply as contempt of court.  Rule 37(b)(2)(D).

7.      Edina's failure to produce responses to discovery or to pay attorneys' fees as required in the Court's Order of August 14, 2007, is a violation of Rule 37(b).

8.      Although dismissal is a drastic sanction, still it may be appropriate when the party's non-compliance is due to "wilfulness, fault or bad faith."  Fox v. Studebaker-Worthington, Inc., 516 F.2d 989, 993 (8th Cir. 1975); see also Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958); Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983) (finding that "a deliberate default suffices").  As the District Court stated in LaBelle v. City of Roseville, No. 04-4160, 2006 WL 314498 at *1 (D. Minn. Feb. 9, 2006) (Magnuson, J.) when plaintiff did not respond to discovery requests, did not respond to motion to compel discovery, and did not respond to motion for dismissal with prejudice:

> Accordingly, to justify dismissal of this case, the Court must find that Plaintiff's noncompliance with the discovery order was willful or in bad faith and that Defendants were prejudiced. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 763 (1980); Hairston v. Alert Safety Light Prods., Inc., 307 F.3d 717, 719 (8th Cir. 2002); Schoffstall v. City of Roseville, 223 F.3d 818, 824 (8th Cir. 2000). The Court may find willful disobedience sufficient to support dismissal when a party blatantly disregards a court order. Schoffstall, 223 F.3d at 824; Fletcher v. S. Farm Bureau Life Ins. Co., 757 F.2d 953, 956 (8th Cir. 1985). A finding of prejudice is proper if the failure to participate in discovery "impairs an opponent's ability to determine the factual merits of a party's claim." In re O'Brien, 351 F.3d 832, 839 (8th Cir. 2003) (citing Avionic Co. v. Gen. Dynamics Corp., 957 F.2d 555, 559 (8th Cir. 1992)).

9.      In particular, willful failure to answer interrogatories may be the basis for a dismissal. Fox, 516 F.2d at 993.

10.      Dismissal is appropriate in cases of "willful disobedience of a court order or continued or persistent failure to prosecute a complaint." Givens v. A.H. Robins Co., 751 F.2d 261, 263 (8th Cir. 1984).  Likewise, when the plaintiff displays "a pattern of

intentional delay," dismissal is an appropriate sanction.  <u>Fletcher v. Southern Farm</u> <u>Bureau Life Ins. Co.</u>, 757 F.2d 953, 956 (8th Cir. 1985).

11.  In this case, Edina has completely abdicated its responsibilities under the Federal Rules by its persistent failure to respond to discovery requests, to comply with the Court's order, or to take any other action to move this case forward.  Likewise, Edina's failure to provide information about the basis for its case has prejudiced UPS-MI in determining the factual merits of Edina's claims.  The period for discovery has closed, and UPS-MI has been unable to determine important information about Edina's case. Accordingly, this action should be dismissed.

12.  There is no reason to believe that Edina's failure to respond to UPS-MI's discovery requests is anything other than willful.  UPS-MI properly served Edina, through its counsel, with the discovery requests, and it has notified counsel several times of the requirement to respond.  The Court has ordered Edina to respond.  Edina has not complied with the Court's order, and has provided no satisfactory explanation for its failure to respond to UPS-MI's previous requests or the Court's order.

13.  Furthermore, Edina has provided no response <u>whatsoever</u> to this Court. Edina's failure to respond exhibits deliberate and intentional disregard of the responsibilities parties and their counsel owe to the Court and to opposing parties.

14.  This Court considered the possibility of imposing a less serious sanction than dismissal in this instance.  However, the Court has already imposed less onerous sanctions, which had no effect (and indeed, have been ignored).  Accordingly, a lesser sanction is not appropriate.

15.     For all of the above reasons, this Court recommends dismissal of Edina's Coplaint with prejudice.

16.     Rule 37 states that in case of failure to comply with a discovery order, the Court "shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure…."  Rule 37(b)(2).

17.     This Court has already ordered Edina to pay UPS-MI's attorneys' fees associated with bringing its original Motion for Sanctions or to Compel.  UPS-MI's failure to comply with this Court's Order has made the present, renewed motion necessary. Accordingly, Rule 37 requires that Edina to pay the additional costs, including reasonable attorneys' fees, incurred by UPS-MI in preparing this renewed motion, including appearing at the hearing.

18.     Based this Court's review of the Affidavit of Daniel Lovejoy Regarding Attorneys Fees in Support of Defendant/Third Party Plaintiff's Renewed Motion for Sanctions [Docket No. 57], this Court finds that the reasonable attorneys' fees and costs incurred by UPS-MI in bringing this motion is $3000.

## III.    RECOMMENDATION

For all of the above reasons, this Court recommends that:

1.     Plaintiff's case be dismissed with prejudice;

2.     On or before December 31, 2007, plaintiff shall pay to UPS-MI $3,000 for reasonable attorneys' fees and costs incurred by UPS-MI in connection with bringing

the instant motion.

Dated:        December 14, 2007

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before January 2, 2008 a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.